CHARLES COGGSWELL *vs.* THE INHABITANTS OF LEXINGTON.

Where a traveller on a highway, while in the exercise of ordinary care, received an injury in consequence of driving his wagon against a post; and it appeared that the line of the highway was not indicated by any visible objects; that the post, which occasioned the injury, was near the true line of the highway, and within the limits of the general course and direction of the travel, and where travellers were accustomed to pass, and rendered the travelling dangerous; that there was nothing to indicate that the post was not within the way intended for public travel; and that the town, though they had reasonable notice of the course of the travel, and that the post was dangerous to travellers, suffered it to remain an unreasonable time: It was held, that the town were liable, under the statute, for the injury sustained by the plaintiff.

THIS was an action on the case for an injury sustained by the plaintiff in being thrown from his wagon, in consequence of its being driven against a post standing in the highway in Lexington, while the plaintiff was travelling along the same, in the evening.

At the trial, in the court of common pleas, before *Washburn*, J., it was in evidence: That for a long time, there had been a highway leading through Lexington from West Cambridge, by the Monument House, a long-established public house, so called, in Lexington, to Concord, the boundaries whereof, in the part hereafter mentioned, could not be ascertained but by a reference to fences, &c.: That in 1831, the county commissioners located and defined that part of the highway which extends from a point towards West Cambridge, up to within a few rods of the post which occasioned the injury, but no farther; the post being about ten rods from the Monument House: That along in front of the Monument House, to a short distance from the post, the

ground is nearly upon a level between the house and the fences upon the opposite side of the road, and the whole of it has long been travelled over, there being no grass or bank to indicate the line of the highway from the way travelled by persons going to or coming from the Monument House: That the post stood in front of a store, which was nearly in a line with the Monument House, and the sheds belonging to it, which were used for the accommodation of travellers resorting to the house: That the store was erected in 1839, before which time there was no travel in front of where the store now is, but since which there had been passing, more or less, with teams and carriages from the highway, where the location of 1831 terminated, and going in the direction of the Monument House, between the post and the store: That, as testified by the plaintiff's witnesses, the tracks of wheels and other marks of travel came up to and along by the post, as well on the inner as the outer side of it; and there was nothing to indicate to a stranger, that the line of the travel passed upon one side rather than the other of the post; but, in this respect, the evidence on the part of the defendants was conflicting with that of the plaintiff: That from the fence opposite the Monument House to the post, the distance was about four rods; from the post to the store about twenty-four feet; and from the fence to the Monument House about the same distance as from the fence to the store: That the post was two feet and a half high; and that the plaintiff, while travelling in the evening with his wagon from West Cambridge through Lexington towards Lowell, passed along the aforesaid highway; and having occasion to stop at the Monument House, drove his wagon in such a manner, that the right shaft struck upon the post, in consequence of which the plaintiff was violently thrown from his wagon upon the ground and injured.

Two questions were made to the jury: one, whether the post was within the limits of the highway as originally laid out; and the other, whether, if it were not, it was within the limits of the ordinary travel; the plaintiff contending that in either case he was entitled to recover.

In reference to the second question, the presiding judge instructed the jury in the following terms : —

If the line of the highway was undefined by fences, banks of earth, or other objects, and if within the limits of the general course and direction of the travel along the highway, and where travellers were accustomed to pass with teams and carriages, an object which rendered the travelling there dangerous was suffered to remain beyond a reasonable length of time, within which to remove the same, the town would thereby become liable for injury sustained by travellers by means of such object, although the same did not lie within the limits of the highway as located ; provided there was nothing reasonably to indicate or give notice to travellers, that the place of such object was within the way designed for private use, or was not intended for public travel as a highway ; provided, also, that the traveller exercised that degree of care and diligence, which are required of travellers on highways, in order to entitle them to recover for injuries occasioned by defects in highways ; and provided, further, that the defendants had reasonable notice of the course of travel and of the existence and dangerous character of such object.

The jury found a verdict for the plaintiff, and upon being requested by the judge to state, whether they found the post to have been within the limits of the highway as located, and whether they found single or double damages, they answered, that they found that the post was not within the limits of the highway as located, but within the way that was travelled, and that their verdict was for single damages only.

The defendants alleged exceptions.

*E. R. Hoar*, for the defendants.

*T. Wentworth*, for the plaintiff.

METCALF, J. The verdict must be taken to have established the following facts : That the line of the highway was not indicated by any visible objects ; that the post was near the true line of the highway, and within the limits of the general course and direction of the travel, and where travel

lers were accustomed to pass; that there was nothing which reasonably indicated or gave notice to a traveller, that the post was not within the way intended for public travel; that the post rendered the travelling dangerous; that the defendants, though they had reasonable notice of the course of the travel, and that the post was dangerous to travellers, suffered it to remain an unreasonable time; and that the plaintiff, while in the exercise of ordinary care, received an injury by driving his wagon against the post.

On these facts, the court are of opinion that the defendants are liable in this action, and that the instructions to the jury were right. Towns are bound to keep the roads, within their bounds, safe for travellers. And under the circumstances of this case, it was no less the duty of the defendants to guard travellers from injury by the post on the roadside, than to guard them from falling over precipices or into pits near the line of the road, or from being thrown into the water from a bridge.

The question whether the defendants had a right, as against the owner of the land where the post stood, to enter and remove it, is not now before us. But they clearly had the right, and it was their duty, if they could not lawfully remove the post, to place such a fence or other barrier between it and the road, as would have rendered the road safe

*Exceptions overruled.*