## CHARLOTTE R. HAYDEN *vs.* INHABITANTS OF ATTLEBOROUGH

Coverture, as a disability to sue, must be pleaded in abatement.

The want of a railing at the side of a highway, necessary to the security of travellers, is a " deficiency " in the way, within the meaning of the Rev. Sts. *c.* 25, § 26.

The *St.* of 1846, *c.* 203, limiting the liability of towns for damages from defects in ways opened and dedicated to the public use, but not duly laid out and established, applies only to ways over land dedicated by its owner to the use of the public as a way; and does not, as to other ways, repeal the Rev. Sts. *c.* 25, § 26, making the actual repair of a way by a town conclusive evidence of its location.

Evidence that the duly elected surveyors of highways of a town made repairs upon a way, within six years before the time of an accident from a defect therein is competent and

Hayden *v.* Inhabitants of Attleborough.

sufficient evidence of repairs by the town, to establish its liability for the damages result-
ing from the accident; although it also appears by the plaintiff's evidence that the
records of the laying out of the way as a public highway were insufficient.

Where the limits of a highway are not indicated by any visible objects, and there is noth-
ing to show a person driving thereon in the evening that the course he is pursuing is not
within the way intended for public travel, the town is liable for an accident to a traveller,
resulting from a defect within the general course and direction of travel where travellers
are accustomed to pass along the highway, although without the limits of the located
way, if so near the located way as to render the travelling there dangerous, in the con-
dition in which it is at the time of the accident, and there is nothing to give to travellers
notice of the defect until too late to avoid it.

ACTION OF TORT to recover damages for injuries sustained by
the plaintiff, on the 26th of August 1854, while driving on an
alleged highway in Attleborough, formerly called the Norfolk
and Bristol Turnpike, from a defect in that way. The answer
denied that the injury was suffered upon any highway which the
defendants were bound to keep in repair, and also denied the
defect and the plaintiff's care.

At the trial in the court of common pleas, before *Aiken*, J., it
appeared that at the time of the commencement of this action
the plaintiff was a married woman, but had filed, in Rhode Is-
land, a libel for divorce from the bond of matrimony, which was
then pending; and the plaintiff was allowed to give in evidence,
against the objection of the defendants, an authenticated copy
of the record of a divorce decreed by the supreme court of
Rhode Island, shortly after the entry of this action.

The defendants requested the court to instruct the jury, that
the plaintiff having been a married woman when the action was
commenced, it could not be maintained in its present form.
The court declined so to rule; and ruled that the fact, that the
divorce was decreed after the commencement of the suit, was
not open to the defendants at this stage of the case, as the plead-
ings then stood.

The plaintiff also introduced the *St.* of 1801, *c.* 69, establish-
ing the Norfolk and Bristol Turnpike; and the *St.* of 1843, *c.* 54,
authorizing that corporation to surrender their charter, relieving
them from their obligation to keep the turnpike in repair, and
authorizing the towns through which the turnpike passed to lay
it out as a common highway. She also introduced the record

of a town meeting at which the defendants voted to accept the turnpike as a highway, and authorized their selectmen to lay it out; and also a record of such laying out by the selectmen.

Evidence was also admitted, against the objection of the defendants, that the surveyors of highways of the town for the years 1853 and 1854 worked and made repairs upon this way. The plaintiff did not claim that the vote of the town and the record of the laying out by the selectmen constituted the turnpike a legally laid out highway; but relied solely upon the proof that the defendants had, within six years before the injury, made repairs on the way; and contended that by law it was therefore not competent for them to deny the location thereof.

The defendants requested the court to instruct the jury, " that, to entitle the plaintiff to recover, the jury must be satisfied that the way in question was a located and laid out way; that evidence of a legal location and laying out by the county commissioners or by the town would be sufficient; that evidence of repairs done by the defendant town, within six years prior to the accident or injury, would, if standing alone, be sufficient, under the statute, to warrant the jury in finding it to be a duly located and laid out way; that if such repairs were shown, the defendants would be estopped to deny the legality of the way; but that the plaintiff might put in evidence which would tend to show that the way was not legally laid out; and that if, in this case, taking all the testimony of the plaintiff into consideration, including the records of the town, which failed to show a legal laying out, the jury were, on the whole, not satisfied that the way was a legally located and laid out way, then the defendants were not liable."

But the court ruled and instructed the jury, " that if, upon the evidence, they were satisfied that the defendants had, at any time within six years' before the injury complained of, made repairs on said way, it was not competent for the defendants to deny the location of the way; that surveyors of highways, within their respective districts, were the duly constituted agents of a town to make repairs of the highways; that the acts of such surveyors in making such repairs were the acts of the town;

and that, although the evidence offered by the plaintiff of the vote of the town, and the record of the laying out by the selectmen, did not constitute a legal laying out or location of the road, yet the plaintiff might nevertheless also prove that the town, at any time within six years before the injury by her received, had made repairs on such way ; and if, upon the evidence, the jury should find that the defendants had made repairs upon the way in question within six years before the injury complained of, it was not competent for the defendants to deny the location of the way, and the highway would be a way which the defendants were bound to keep in repair."

It appeared that the injury to the plaintiff was occasioned by being precipitated from a wagon, on a dark evening, into a cellar which had been dug two years before, on the east side of the road—there being conflicting evidence upon the question whether the cellar was partly within the limits of the turnpike as located—that the road had been greatly widened at that place seventeen years before by the owner of the land on the east throwing it open and setting back his fence ; that the space so thrown open and common was as smooth as the highway, and in good order to travel upon with horses and carriages ; that much of the travel had been accustomed to pass, before the digging of the cellar, over the place where the cellar was dug ; that the general course and direction of the road, about eight rods south of the cellar, (where there was a bend westwardly,) led directly over the cellar ; that the route pursued by the plaintiff was smooth and fit to travel upon until she reached the cellar ; and that there was no fence, stones nor embankment, nor anything else to show the plaintiff, in the evening, that she was not within the limits of the located way, or that the route she was pursuing before the injury was not within the way intended for public travel ; and no railing or barrier to prevent her being precipitated into the cellar.

The defendants requested the court to instruct the jury that if the plaintiff, while travelling out of the road bed, (there being a proper and sufficient road bed there,) met with the accident at a point off the road bed, and without the located way, then the

29 *

defendants were not liable; and also requested the court to instruct the jury that if the plaintiff was travelling out of the located way, and, while so travelling out of it, met with this accident, then the defendants were not liable, if the located way and its road bed were proper and sufficient.

But the court declined so to instruct the jury, and did instruct them, " that if the line of the highway was not indicated by any visible objects, such as fences, banks of earth, or other objects, and if there was nothing to show the plaintiff, in the evening, that the route she was pursuing was not within the way intended for public travel, and if, within the general course and direction of the travel, where travellers were accustomed to pass along the said highway, the cellar was so situated within the limits of the highway as to render the travelling there dangerous, or without the limits of the located way, but so near as to render the travelling there dangerous, in the condition in which it was at the time of the accident, and the cellar was suffered to remain beyond a reasonable length of time within which to put the same in a safe condition, or more than twenty four hours, and the defendants had reasonable notice of the course of the travel, and of the dangerous condition of such cellar, and there was nothing reasonably to indicate or give notice to travellers of their approach to the cellar, until too late to avoid the same, the town would thereby become liable for an injury sustained by a traveller by means of such cellar, provided the plaintiff, in the exercise of ordinary care, received an injury by driving into the cellar."

The jury found a verdict for the plaintiff, and the defendants alleged exceptions.

C. I. Reed, for the defendants, to the point that the judge erred in the instructions given and refused, as to the liability of the town for defects without the line of the road bed or highway, cited Jones v. Waltham, 4 Cush. 300; Shepardson v. Colerain, 13 Met. 55; Smith v. Wendell, 7 Cush. 498; Howard v. North Bridgewater, 16 Pick. 190; Palmer v. Andover, 2 Cush. 600; Tisdale v. Norton, 8 Met. 388.

E. Ames, for the plaintiff.

METCALF, J. The objection, that the plaintiff was a feme covert when this action was commenced, was not open to the defendants under their answer to her declaration. Coverture, as a disability to sue, must be pleaded in abatement. It is no defence in bar; and if it were, the answer should have set it forth as a fact intended to be relied on in avoidance of the action. Gould Pl. c. 5, § 53. St. 1852, c. 312, § 18. Evidence of the plaintiff's divorce was therefore needless; but its admission, though objected to, is no ground of exception. It did the defendants no harm.

Nor do we find any legal objection to the testimony which was given for the purpose of showing that the defendants repaired the way in question, in 1853 and 1854. It tended to prove the liability of the defendants to this action. The Rev. Sts. c. 25, § 26, provide, that if, on the trial of an action brought to recover damages for an injury received by reason of any deficiency or want of repair in a highway, town way, &c., it shall appear that the town against which such action is brought has, at any time within six years before such injury, made repairs on the way, it shall not be competent for such town to deny the location of the way. And we have no doubt that want of a railing necessary to the security of travellers is a "deficiency" in a way, within the meaning of this § 26, as it has been held to be a "defect" within the meaning of § 22 of the same chapter, which rendered towns answerable for damages sustained by reason of any defect in a way. *Palmer* v. *Andover*, 2 Cush. 600.

It is contended by the defendants, however, that this provision in § 26 was repealed by St. 1846, c. 203, § 1, which enacts that no way theretofore opened and dedicated to the public use, and not already become a public way, and no way thereafter opened and dedicated to the public use, shall become chargeable upon any town, unless such way shall be laid out and established by the town, in the manner prescribed by the statutes of this commonwealth. But this statute has no bearing on the present case. It was passed for the purpose of altering the law as it was held in *Hobbs* v. *Lowell*, 19 Pick. 405, and preventing, thenceforth, the establishment of ways by dedication of land

therefor and the assent thereto by towns. The decision in that case was, that such dedication and assent constituted a legal way, which a town was bound to keep in repair, and was liable in damages for an injury received by reason of a defect therein, in the same manner and to the same extent as if the way had been established in the statute mode. Since the *St.* of 1846, ways cannot be legally established by such dedication and assent, so as to render towns liable to repair them. Yet, by the third section of that statute, towns are liable to damages for injuries caused by defects in such ways, if they do not close up the entrances to them, or give other sufficient notice that they are dangerous.

A way by dedication is a way over land which the owner thereof has dedicated to the use of the public for a way. So the court describe it in *Hobbs* v. *Lowell*, before cited, and in *Hemphill* v. *Boston*, 8 Cush. 196, 197; and such, we understand is always its meaning. See Wellbeloved on Highways, 41, 42, *State* v. *New Boston*, 11 N. H. 409; *Cole* v *Sprowl*, 35 Maine, 169, 170; *State* v. *Carver*, 5 Strob. 218; *Commonwealth* v. *Kelly*, 8 Grat. 634. We therefore hold that, in *St.* 1846, c. 203, a "way opened and dedicated" means a way over land dedicated by the owner thereof to the use of the public as a way. But the way, in the present case, was not opened and dedicated to the public use by the owner or owners of the land over which it passes, and by the assent of the town thereto. On the contrary, the town took it into its own hands, for a public way, and made repairs on it, under a mistaken belief, probably, that it had done what was necessary to make it a legal public way. The *St.* of 1846, therefore, does not apply to this way. *Jennings* v. *Tisbury*, 5 Gray, 75. If it did, the town would be liable to damages for an injury received by reason of a defect in it, because they gave no notice that it was dangerous. It follows, that the jury were correctly instructed, that if the town had made repairs on the way within six years before the plaintiff's injury, they were bound to keep it in repair and could not be permitted to deny the location of it.

We think the jury were also correctly instructed, that survey-

ors of highways, within their respective districts, are duly con-
stituted agents of towns to repair ways, and that repairs thereof,
made by them, are made by the town. The Rev. Sts. *c.* 25, re-
quire that all ways in a town shall be kept in repair at the
expense of the town, and also confer the authority and impose
the duty on surveyors, and on surveyors only, to keep them in
repair. We therefore have no doubt that a " town has made re-
pairs," within the meaning of § 26 of that chapter, when they
are made by the officers appointed by the town for that purpose;
this being the only mode of repairing ways, which the law pre-
scribes for towns.

One other exception is taken to the instructions given to the
jury, to wit, that the defendants were liable, if the line of the
way was not indicated by any visible objects, &c. We are of
opinion that these instructions were fully warranted by the de-
cision in *Coggswell* v. *Lexington,* 4 Cush. 307, and that they
were expressed with great care and precision.

*Exceptions overruled.*