ROSE BIXBY, Administratrix, Appellant, v. CITY OF SIOUX CITY, Appellee.

**LIMITATION OF ACTIONS:** Defective Streets—Fatal Injuries.
1  An action for injuries *resulting in death*, by reason of a defective street, is barred in three months from the accrual of the action, unless the statutory notice of the time, place, and circumstances of the injury is served upon the municipality within 60 days from the happening of the injury. (Sec. 3447, Par. 1, Code Supp., 1913.)

**APPEAL AND ERROR:** Failure to Except. One may not, on appeal, base error on that to which he made no objections in the trial court.
2

**LIMITATION OF ACTIONS:** What Constitutes Defect in Street.
3  To avoid the special three 'months' statute of limitation on actions founded on injuries to the person by reason of defective streets, etc., a notice of the time, place, and circumstances of the injuries must be served on the municipality, even though that which made the street defective was a condition existing *entirely outside the traveled part of the street.*

·PLEADING: General Demurrer to Two-Count Petition. A general demurrer to a two-count petition may justify a ruling sustaining the demurrer to one count and overruling it as to the other. So held where one count was barred by the statute of limitation, and the other count was not so barred.

PLEADING: Recoverable and Non-Recoverable Items in Same Count. A count is not demurrable which contains one recoverable item and others non-recoverable.

*Appeal from Woodbury District Court.*—J. W. ANDERSON, Judge.

OCTOBER 20, 1917.

REHEARING DENIED JULY 1, 1918.

ACTION at law to recover damages for the death of the plaintiff's intestate. After trial to a jury and verdict for plaintiff, the court sustained the defendant's motion to set aside the verdict, and entered judgment for the defendant, notwithstanding the finding of the jury.—*Affirmed in part; reversed in part.*

*C. R. Metcalfe* and *T. F. Bevington,* for appellant.

*Griffin & Page,* and *Arthur J. Wissmath,* for appellee.

WEAVER, J.—South Division Street, in West Morningside Addition to Sioux City, extends north and south. Its northern terminus is another street, extending east and west along the brow of a precipitous hill.

1. LIMITATION OF ACTIONS: defective streets: fatal injuries.

At the time of the accident complained of, a fence or barrier of some sort had been erected on the brow of the hill, at the place where South Division Street turns upon the east and west street. On the night of September 24, 1914, the deceased, Elwood R. Bixby, accompanied by others, was driving an automobile north on South Division Street, and, failing to make the turn safely at the place mentioned, his car struck the fence, broke through it and fell over the bluff. In the

fall, Bixby received injuries from which he died, October 4, 1914, and the car was more or less wrecked and broken. On August 12, 1915, this action was begun, on the theory that the injuries sustained, as above mentioned, had been occasioned by the negligence of the city in failing to mark or give warning of the danger at said place by red lights or other suitable signal, and in failing to guard against accidents of this nature by maintaining a proper fence barrier or guard, and in permitting the place to become hidden or obscured by a growth of weeds. The petition is drawn in two counts. The first count, after pleading the alleged facts of the injury, asks a recovery for medical attendance and hospital services in the care of the deceased, and for damages to the automobile which the deceased was driving when the accident occurred. These items were sep arately stated, the claim for damages to the car being itemized at $100. In the second count, damages were claimed in the sum of $25,000, for the benefit of the estate and family of the deceased, and for $300 for the expenses of his burial. No written notice was served on the city of the time, place, or circumstances of the injury, until August 5, 1915, nearly 11 months after the accident. The defendant demurred to the petition generally, on the ground that the pleaded facts showed that the plaintiff's right of action was barred by the statute of limitations. The demurrer was overruled, and thereupon an answer was filed, denying the allegations of the petition and alleging that the cause of action was barred by the failure of the intestate and of plaintiff to serve the statutory notice within 60 days after the injury, or to bring action within 3 months after said date. At the conclusion of all the evidence, defendant moved for a directed verdict in its favor on each of the two counts of the petition, on the grounds: First, that it conclusively appeared from the evidence that deceased was himself negligent; and second, that the cause of action was conclusively shown to be barred

by the statute. The motion was denied, and the cause sub-
mitted to the jury. In due time, defendant objected to the
charge of the court, because of its failure to instruct the
jury that the cause of action was barred. In stating the is-
sues to the jury, the court omitted any mention of the
plea of the statute, and gave no instruction in reference
thereto. The jury returned a verdict for plaintiff for $300
upon the first count of the petition, and for $4,220 on the
second count; and judgment thereon was entered, the same
day.

Defendant filed a motion for new trial, assigning nu-
merous grounds therefor. Among the errors assigned was
the failure of the court to instruct the jury that the alleged
cause of action, except as to the item for injury to the car,
was barred by the statute. Later, the court permitted the
defendant to amend its motion by moving for a judgment
for the defendant, notwithstanding the verdict, on the
grounds: First, that it was conclusively shown that plain-
tiff's right of action upon each and every item of her claim
(except the item for injury to the car) was barred by the
statute; and second, that not only was there no evidence
of negligence on the part of defendant, but it conclusively
appeared that the accident was caused by the negligence
of the deceased. The motion was sustained, the judgment
and verdict were set aside, and final judgment entered, dis-
missing the action at the cost of plaintiff.

I. The appellant assigns error upon the order of the
court permitting defendant to amend its motion to set aside
the judgment and verdict and to move for judgment not-
withstanding the verdict. It is sufficient
to say in this respect that such permission
does not seem to have been opposed or ob-
jected to, nor was exception preserved there-
to. It is a settled rule of practice that objections of this

2. Appeal and
error: failure
to except.

nature raised for the first time in this court cannot be considered.

II.   As the motion was sustained generally, the record does not disclose whether the trial court so ruled on the ground that the action was clearly barred by the statute, or on the other ground assigned, that deceased was chargeable with contributory negligence as a matter of law; but, in the absence of any specification in the order, it may be sustained if we find either ground to be well taken.

The statute, Code Section 3447, is a familiar one:

"Actions may be brought within the times herein limited, respectively, after their causes accrue, and not afterwards, except when otherwise specially declared:

"1.   *Those founded on injury to the person* on account of defective roads, bridges, streets or sidewalks, within three months, unless written notice specifying the time, place and circumstances of the injury shall have been served upon the county or municipal corporation to be charged within sixty days *from the happening of the injury.*"

Counsel for appellant seeks to take his case from the scope of this statute by pointing out that the notice is required where the cause of action is founded on injury to the person, and argues that it has no application when the damages sought are for the death of the person. This distinction has been drawn by the courts of several states. But in such cases are found distinct statutes, specifically providing for the recovery of damages for wrongful death at the suit of the administrator, estate, or family dependents; and this provision is held not to be subject to the requirement of other statutes, making it necessary to serve notice of an injury to the person. Such holding is quite clearly right under the statutes which they undertake to construe. *McKeigue v. City of Janesville,* 68 Wis. 50 (31 N. W. 298) ; *Laconte v. City of Kenosha,* 149 Wis. 343 (135 N. W. 843) ; *Nesbit v. City of Topeka,* 87 Kan. 394 (124 Pac.

166, 40 L. R. A. [N. S.] 749) ; *Perkins v. Oxford,* 66 Me. 545. We are required, however, to look to our own statutes. Strangely enough, while it is a conceded proposition that, at common law, actions of this character are not maintainable, we have not now upon our statute books any provision directly and distinctly creating any such right of action. Such provision did once exist in the Revision of 1860, Section 4111, and Code of 1851, Section 2501. It was not carried forward into the Code of 1873 nor into our present Code. It has been held, however, that such actions are inferentially allowed by the Code provisions found in Code Sections 3313, 3343, and 3445. *Conners v. Burlington, C. R. & N. R. Co.,* 71 Iowa 490. However, nothing is found in these sections which serves to classify or distinguish such actions from other actions "founded on injury to the person," so far as they are affected by the statute of limitations, Code Section 3447. Subdivisions 1 and 3 of this section provide different limitation periods for two classes of personal injury cases. First, those founded on injury to the person on account of defective roads, bridges, streets, or sidewalks, three months. To extend that period, it is further provided that written notice must be served on the county or municipal corporation sought to be charged, within sixty days. If such notice be served, then plaintiff's right of action is governed by the terms of the third subdivision, which permits the bringing of the action at any time within two years. The words in the first subdivision, "founded on injury to the person," are broader than those contained in any of the statutes of our sister states, to which counsel have referred; and we think they may fairly be said to include actions to recover damages for the death of the injured person. A mere allegation of the death of the intestate reveals no cause of action; but to have that effect, the pleader must go further, and aver that the death was the result of personal injury which the deceased suffered because of the

negligence of the defendant.  A claim to recover for death
resulting from personal injury is as certainly "founded on
injury to the person" as would be a claim to recover dam-
ages for a nonfatal injury resulting in a crippled body.
Moreover, while it is a somewhat paradoxical proposition
that a right of action for damages on account of his own
death vests in a fatally injured person, such right is set-
tled in the law of this state.  *Kellow v. Iowa Cent. R. Co.,*
68 Iowa 470, 480 ; *Murphy v. Chicago, M. & St. P. R. Co.,* 80
Iowa 26 ; *Sachs v. City of Sioux City,* 109 Iowa 224.  Under
this rule, the right of action, if any, accrued to Bixby at
once upon his injury ; and, had he lived, it would have been
necessary for him to serve the statutory notice, if he de-
sired to extend the three months' period of limitation.  This
is expressly settled in the *Sachs* case, cited above, where it is
held that the death of the injured person creates no new
cause of action.  The proposition is also statutory.  See
Code Section 3445, which declares the rule that, where a
cause of action survives to a legal representative, it shall
be deemed to have accrued at the time it would have accrued
to the deceased, had he survived.  The *Sachs* case rules ad-
versely to the proposition of appellant's counsel, and no
sufficient reason is shown for now disapproving it.

The further point is made for the appellant that the
three months' limitation applies only where the alleged
injury has been occasioned by some defect in a street, bridge,
or sidewalk, and that the defect complained
of in this case is not of that character, but
pertains to the insufficiency of the guard
or protection which was erected, or should
have been erected, at the side of the street, to prevent trav-
elers thereon from inadvertently or accidentally falling over
the bank beyond.  But this distinction cannot be made.  It
is the duty of the city to maintain its streets in a reason-
ably safe condition for public use ; and when the statute

3. LIMITATION OF
ACTIONS : what
constitutes
defect in
street.

refers to "defects" in a street, it has reference to conditions of a dangerous character, which may be remedied or guarded against for the protection of travelers by the exercise of reasonable diligence and care on the part of the proper municipal officers. This care is not limited to the narrow traveled path, but extends to the full limit of the street opened to public use; and we can conceive of no reason, and know of no authority, for saying that it does not include the fence or barrier, if any, erected between the street and a dangerous cliff or excavation, over which a traveler using such street is liable to fall. Indeed, it has often been held that the lack of a proper barrier in such a situation, although the excavation or pit is not within the street boundary, is, nevertheless, a defect in the street, within the meaning of the law. *City of San Antonio v. Porter*, 24 Tex. Civ. App. 444 (59 S. W. 922); *Palmer v. Inhabitants of Andover*, 56 Mass. 600, 606; *Hayden v. Inhabitants of Attleborough*, 73 Mass. 338; *Coggswell v. Inhabitants of Lexington*, 58 Mass. 307; *Ireland v. Oswego, H. & S. P. R. Co.*, 13 N. Y. 526; *Wheeler v. Town of Westport*, 30 Wis. 392; *Davis v. Hill*, 41 N. H. 329. In short, an unsafe street —unsafe in the sense that the condition complained of may be remedied by due care on the part of the city—is a defective street. The surface of the traveled way may be in perfect condition; yet if, by reason of other conditions, either below the surface or overhead, or bordering the public way on either side, those lawfully using such way are exposed to danger which the city does not make reasonable effort to remove or guard against, then an injury to a traveler by reason of such negligence is an "injury on account of a defective street," within the meaning of the short statute of limitations. Such being the case, the trial court should have sustained the demurrer to the second count of the petition, and failing that, should have directed a verdict for the defendant.

The objection raised by the appellant that the demur-
rer, as well as the answer, directs the assertion of the statute
of limitations against the petition as a whole, and that, as
such plea was not good against the first
count, it should be disregarded as not suffi-
ciently raising the question as to either, can-
not be sustained.   To so hold would be an
unduly technical ruling.   The demurrer and the answer
may fairly be treated as being directed to each count sever-
ally, and it could properly have been sustained as to one
and overruled as to the other.

**4. PLEADING:**
**general demur-**
**rer to two-**
**count petition.**

Turning now to the first count of the petition, counsel
for appellee concede that plaintiff's claim there set up, so
far as it relates to the item of $100 for injury to the auto-
mobile, is not open to the objection because
of failure to serve the notice prescribed by
Code Section 3447; but it is argued, though
not very confidently, that, as plaintiff in-
cluded such item in the same count with
other items to which such objection would be pertinent, she
cannot be heard to complain because the court entered judg-
ment against her upon the entire count.   But this is not
very sound.   A plaintiff does not lose his right to be heard
and to recover upon one item on which he sues, merely
because he includes or charges in the same connection other
items against which the statute of limitations has run.   Had
defendant wished to test the matter of the statute as ap-
plied to part of plaintiff's claim, he could have moved the
court to require a separation thereof into distinct counts,
and thus have been able to attack the one without any com-
plication with the other.   However this may be, so long as
the count contained a distinct and separate item of claim
which was confessedly not barred, it was not demurrable;
and, if there was any evidence to sustain a recovery thereon,
the court could not properly render judgment against him

**5. PLEADING: re-**
**coverable and**
**non-recoverable**
**items in same**
**count.**

notwithstanding the verdict. If it be said that the court, in entering such judgment, did so on the theory advanced by defendant that the evidence clearly shows contributory negligence on the part of deceased, we will say that, had the court set aside the verdict, and ordered a new trial on that issue on the ground suggested, we should not be disposed to say that the ruling was error, for the testimony in the record tends very strongly to show that the deceased was intoxicated and reckless; but we do not feel justified in saying that this was so clearly and conclusively established that the court should have entered judgment against his administrator on such item notwithstanding the finding of the jury in her favor.

We therefore reach this result: that the rendition of judgment for the defendant upon plaintiff's claim for damages on account of the injury to and death of deceased must be affirmed, because her right of action is clearly barred by the statute of limitations; but the judgment dismissing her claim for damages because of the injury to the automobile will be set aside, and a new trial upon that issue alone is hereby ordered. For this purpose, the cause will be remanded to the district court. Costs will be apportioned, and taxed one half to each party.—*Affirmed in part; reversed in part.*

Gaynor, C. J., Preston and Stevens, JJ., concur.