EFFIE ARCHIP, Administratrix, Appellant, v. CITY OF SIOUX CITY, Appellee.

No. 41135.

FEBRUARY 16, 1932.

Yeaman & Yeaman and Sam Page, for appellant.

R. A. Oliver and A. O. Jepson, for appellee.

FAVILLE, J.—Many years ago certain tracts of land were platted as additions to the city of Sioux City. In a general way, these additions lie in the eastern or southeastern portion of the city. The land is rolling and is sparsely settled. The platted streets were not generally opened for travel for many

years and some are still unopened. Two of these streets are East Tenth Street, running · east and west, and St. Mary's Street, running north and south. Prior to the summer of 1930 it appears that little, if any, work had been done to improve or open said two streets for public travel. Some work had been done on a part of East Tenth Street. However, people living in that vicinity, seeking to go to and from Sioux City, had traveled in a diagonal course across the privately owned land in a north-westerly and southeasterly direction.

The accompanying plat will aid in an understanding of the situation.

As shown thereon, the platted lots are unoccupied except for the house marked on the plat.

Martha Street is unopened. East Tenth Street and St. Mary's Street were not open until shortly before the accident. At the time of the accident decedent was traveling in a north-westerly direction on the diagonal road. The automobile in which he was riding was upset near the junction of said diagonal road with East Tenth Street.

In the summer of 1930 the appellee opened up East Tenth Street eastward to its intersection with St. Mary's Street, and also improved the latter street southward from East Tenth Street to its intersection with the diagonal road. Said work appears to have been completed about June 7th. No barriers were placed at the intersection of St. Mary's Street and said diagonal road, nor at the intersection of said diagonal road with East Tenth Street. About 1925 the appellee city, acting through its proper officer, did some grading on this diagonal road at and near its juncture with east Tenth Street. This was done at the request of property owners living in that vicinity and for their convenience. It appears that before the appellee opened East Tenth Street people drove across these privately owned lots "in all directions." In any event, it clearly appears that the travel was not confined to one track.

A few days before the time of the accident, the appellee in improving East Tenth Street and St. Mary's Street used a considerable amount of dirt, which was taken from at and near the juncture of East Tenth Street and the diagonal road. This left a condition which is shown by the following photograph, which was an exhibit in the case:

As shown therein, there was a cut in the diagonal road leaving an abrupt and rather high bank on the left-hand side of one traveling on the diagonal road toward Sioux City, and a comparatively level space about 12 to 16 feet in width, as shown

at the position of the heavy black line in the photograph. To the right or northeast of this less dirt was removed. This left what is described as "a ridge" near the center of the whole excavation. The right wheels of the automobile in which the decedent was riding as a passenger were driven upon this ridge, causing the automobile to tip over at the place shown by the heavy black line in the photograph. Appellant's decedent was pinned beneath the automobile and killed.

All the parties concerned in the transaction herein described are Russians. The decedent was employed in a packing house in Sioux City. It appears that he was about 48 years of age, a married man, and the father of four children. The appellant is the widow of said decedent. An aunt of the appellant, named Kozak, lived near the decedent and his family. There is a farmer by the name of Katz, who lives on a farm about two miles east of the scene of the accident. June 8, 1930, was on Sunday. The appellant and Mrs. Kozak desired to go to the home of Katz to obtain his signature to some papers. A party was made up, consisting of the appellant and the decedent, Mrs. Kozak, and one Simonsky who boarded in appellant's family. A friend by the name of Donolovitch owned an automobile, and all the parties named, together with Donolovitch as the driver of the car, went to the Katz place. It appears that there were two ways of going from their starting point to the Katz farm. One, known as the Correctionville Road, was about half a mile longer than the other route and was the better road. The Correctionville road was taken in going to the Katz farm. The return trip, however, was not made on this road but was by another route which brought the parties over the diagonal road previously referred to. The afternoon and evening were spent by the party at the Katz place. The three named left there about ten o'clock on the return trip. The appellant and the boarder, Simonsky, did not return with the others. On the return trip the driver, Donolovitch, and Mrs. Kozak, occupied the front seat of the car, and the decedent occupied the rear seat alone. At the point on the diagonal road already described, and about 36 feet from its juncture with East Tenth Street, Donolovitch drove the right wheels of his car upon the ridge previously described, causing the car to upset to the left. The

decedent fell from the car, was pinned under the running board, and killed.

I. We first consider the question as to whether or not the diagonal road in question was a public road or street of the appellee, for the condition of which the appellee can be held liable.

From an examination of the record we are satisfied that there is an entire want of evidence to establish that the said diagonal road had ever been dedicated to said city, or that it had been established as a road by prescription and was adopted and recognized by the appellee as a public highway, so that the city could be held liable for its condition. The evidence shows that before the opening of East Tenth Street and St. Mary's Street people living in the vicinity of said streets traveled across the vacant lots in that vicinity until they came to East Tenth Street, that the road did not always follow the same direction, and that travel was not always in the same place. The diagonal road was a private way, used by individuals residing in that vicinity for their personal convenience in getting to and from East Tenth Street. It is true that at one time some years before, a city official, at the request of a party living in that vicinity and who used said diagonal road, did a small amount of work at the point of juncture between this traveled track and the diagonal road, in smoothing down the diagonal road so that access from said road to East Tenth Street would be easier. This, however, appears to have been without any purpose or intent on the part of the city to assume any jurisdiction whatever over said diagonal road, and was in effect a favor granted to a local party for the convenience of himself and his neighbors. This did not make the city liable for the maintenance of said diagonal road as a city road or street.

We therefore hold that the evidence fails to establish that the diagonal road in question was a city road or street.

II. Appellant contends, however, that even though the diagonal road was not a city street, the appellee is liable for negligence causing the death of the decedent, because of the fact that the city, knowing that the diagonal road was used for travel, removed the dirt in and along said diagonal road near this juncture with East Tenth Street and failed to place any barrier on said diagonal road at the point of its intersection

with St. Mary's Street. Appellant contends that such a barrier would have prevented the driver of the automobile in question from going upon the diagonal road, and hence to the place where the accident occurred.

To put it another way, the contention is that the city, by the excavation near East Tenth Street, created a dangerous place in the diagonal road; that even though this was a private way and not a public road, the city knew of the condition which it created therein, and that it owed a duty to keep travelers from going upon the diagonal road by properly placing a barrier across it at St. Mary's Street.

It must be remembered that the diagonal road was a private and not a public road. The city owed appellant's decedent no duty while traveling on this private way or to keep him from entering thereon. A perfectly safe and proper way was provided over the public streets by way of St. Mary's Street and East Tenth Street.

The situation does not present a case of defective construction of a public road or a failure to place a barrier along or across a public road so as to prevent a traveler thereon from going into an obstruction or excavation "bordering" on the traveled public road.

Appellant places reliance on Bixby v. Sioux City, 184 Iowa 89. That case did not involve such a situation as we have in the instant case.

It is true that in that case we recognized the rule that an excavation or pit that borders on a street and that lacks a proper barrier may constitute a defect for which the city may be liable under certain conditions.

As bearing on the question, see, also, Morse v. Incorporated Town of Castana, 213 Iowa 1225.

However, the case at bar does not present a situation calling for the application of this rule. There is no claim that either St. Mary's Street or East Tenth Street was not properly graded and in a perfectly safe condition. There was no danger to anyone traveling on said streets. The injury to appellant's decedent did not arise by reason of any faulty construction of the streets of the appellee city. He was on a private road and at a place where the city owed him no duty.

The case of Manderschid v. City of Dubuque, 29 Iowa 73,

is likewise not in point under the facts therein disclosed. In that case the bridge in question was in fact located as an extension of a duly established street. The bridge was apparently beyond the limits of the street "but in its general direction." We held that the city could not permit the street to terminate as a *cul-de-sac*, leading to precipices and pitfalls endangering life, and that it was a question for the jury to determine whether, under the circumstances of that case, the defective bridge was so near the public highway as to be dangerous to persons traveling thereon.

In the instant case the driver of the automobile was not attempting to follow a public highway at all. The excavation in the private road was not even in the general direction of the public highway. The driver was several hundred feet from where he crossed St. Mary's Street before he came to the excavation in question. If he had been properly traveling upon the public highway, it would not have led him in the direction of the excavation.

None of the cases cited by the appellant meet the situation which we have in the case at bar. We recognize the rule that the city is liable for defects in its streets, and for obstructions, pitfalls, and excavations therein or bordering upon such streets, so that ordinary care for the safety of travelers on the public streets may require the erection of barriers, lights, or other means of preventing injury. But, as previously said, the instant case does not present any such situation. The city cannot be held liable for failure to erect a barrier preventing travelers who choose to do so, from going upon a private way for their own purposes.

In Goodin v. City of Des Moines, 55 Iowa 67, we considered a case where a party was injured by falling from a generally used private path into a street which had been excavated at the point of juncture. It was alleged that the path in question "was generally used and by a great many people." Nevertheless, it was a private way passing from private property into the street. We held that the city was not liable under such circumstances and it was not bound to provide a safe way by which streets may be entered from private property. This being true, it certainly must follow that the city cannot be liable for negligence in failing to place a barrier so as to prevent one

on a public highway from passing therefrom onto private property, even though following a private way.

The rule in the Goodin case seems to be one of general recognition. As bearing on the question see Talty v. City of Atlantic, 92 Iowa 135; Sparhawk v. City of Salem, 1 Allen (Mass.) 30, 79 Am. Dec. 700; Griffin v. City of Chillicothe, 279 S. W. 84 (Mo.). See, also, comprehensive note to said case in 42 A. L. R., p. 1281; Schimberg v. Cutler, 142 Fed. Rep. 701. See, also, extensive note, 20 L. R. A. (N. S.) 512; Mulvane v. City of Topeka, 25 Pac. 217 (Kan.).

We therefore hold that the appellee was not guilty of negligence in failing to place a barrier across the private diagonal road at its junction with St. Mary's Street.

III. We are not to be understood as intimating that the excavation of earth at the junction of the diagonal road and East Tenth Street created a dangerous situation to one properly driving on said road. We are merely assuming that it was a negligent construction for the purposes of the rules of law discussed herein.

Holding as we do that under the record the appellee city was not guilty of negligence in the matters charged in the petition of the appellant, the question of contributory negligence on the part of the appellant's decedent necessarily becomes immaterial.

Upon the entire record the court did not err in sustaining the appellee's motion for a directed verdict, and the judgment entered thereon is—Affirmed.

WAGNER, C. J., and STEVENS, DE GRAFF, and ALBERT, JJ., concur.