McKEIGUE, Administratrix, etc., Respondent, vs. THE CITY OF JANESVILLE, Appellant.

*December 22, 1886 — January 11, 1887.*

HIGHWAYS: MUNCIPAL CORPORATIONS. *(1) Defective highway: Notice of injury causing death. (2) Pleading: Pecuniary loss to children from death. (3, 4) Evidence: Expressions of pain: Ill health of dependent children. (5) Mayor as attorney against city. (6) When notice to alderman notice to city. (7) Annuity tables. (8) Contributory negligence: Knowledge of danger.*

1. If a person injured by reason of the insufficiency or want of repairs of a highway dies within ninety days, the fact that the notice required by sec. 1339, R. S., was not given, does not defeat an action brought by the administrator under sec. 4255, R. S. It is not necessary in any case for the administrator to give such notice.

2. A complaint stating that plaintiff's intestate was a widow at the time of her death, and that three of her children, being of the ages of thirteen, eleven, and nine years respectively, were dependent upon her for their support, nurture, and education, is *held* to show sufficiently that such children suffered a pecuniary loss by her death.

3. Where the death of plaintiff's intestate is alleged to have resulted from injuries caused by defendant's negligence, testimony as to the

McKeigue, Adm'x, etc. vs. The City of Janesville.

expressions of pain uttered by the deceased at the time she claimed to be injured, and from that time to her death, and indicating where such pains were located, is admissible.

4. Evidence that some of the younger children of plaintiff's intestate were in poor health is competent as tending to show that her death was a pecuniary loss to them especially. So, also, evidence tending to show that the children had no means of support of their own is admissible.

5. Though after the commencement of an action against a city, the plaintiff's attorney becomes mayor of the city, he may still appear for the plaintiff on the trial of the action.

6. Where by a city charter the common council has "control and power over and management of" all streets, notice to a member of the council of a defect in a street is notice to the city itself.

7. In an action to recover damages for the death of a person, annuity tables are admissible in evidence as tending to show the number of years the deceased would probably have lived.

8. The fact that a person who was injured while passing over a defective cross-walk knew of the defect and that there was some risk in so passing, and might easily have gone around the dangerous place, does not, as matter of law, establish contributory negligence.

APPEAL from the Circuit Court for *Rock* County.

The principal facts are stated in the opinion. The sixth assignment of error there referred to was based upon the ruling of the court below in permitting the plaintiff to prove that after the death of the mother the younger children were entirely supported by their older brothers and sister.

There was a verdict for the plaintiff for $1,750. A motion for a new trial was denied, and from the judgment entered on the verdict the defendant appealed.

*Charles E. Pierce* and *William Smith*, for the appellant.
*John Winans* and *Ogden H. Fethers*, for the respondent.

TAYLOR, J. This action was brought to recover damages of the appellant for causing the death of Bridget McKeigue by the negligence of the city in not keeping in repair a cross-walk in said city. The claim made by the respondent is that on the 14th day of April, 1883, Bridget McKeigue,

while crossing one of the public streets in said city on a dark and rainy evening, was violently thrown down by reason of a defect in the cross-walk where the walk crossed the gutter; that she was greatly injured by her fall, and that, by reason of such injury, she became sick, and so remained until her death, which occurred on the forty-ninth day after her alleged injury.

That the deceased fell on the cross-walk at the place indicated in the complaint is fully established by the evidence. That her fall was occasioned by a defect in the cross-walk existing at the time is also well established, and is not seriously controverted. All other material facts in the case are controverted by the learned counsel for the appellant in a very able and exhaustive printed brief, as well as by a forcible oral argument on the hearing of this appeal. It was contended that there was not sufficient evidence showing that the city authorities had any knowledge of the alleged defect in the cross-walk. Admitting that there was any such defect, it is denied that the deceased was injured by her fall on the walk, as claimed by the respondent. It is denied that, if she was injured, there is any evidence in the case sufficient to justify the finding of the jury that her death was caused by such injury.

After listening to the arguments of the learned counsel and reading the evidence in the case, we are satisfied that there is sufficient evidence to sustain the findings of the jury that the cross-walk was defective; that the deceased fell upon the walk by reason of such defect; that she was injured by such fall; that such injury caused her death; and that the appellant had notice, either in fact or by reason of the long continuance of the defect in the walk, before the accident happened. It was strongly urged upon us by the learned counsel for the appellant that, upon a full consideration of all the evidence, we would find that there was not sufficient evidence to sustain the verdict upon these

points, and especially that the weight of evidence was clearly against the finding that the injury received by the deceased by falling from the cross-walk caused her death. In reply to this argument we have only to say that it is clear that there was evidence upon each and all the controverted points which compelled the circuit judge to submit all these controverted issues to the decision of the jury, and that to have done otherwise would have been error on the part of the trial court. Upon an examination of the record we are satisfied that there is no such clear preponderance of the evidence against the findings of the jury upon the disputed issues as would justify this court in setting aside the findings as unsupported by the evidence, against the opinion of the learned circuit judge who denied a motion for a new trial, and the judgment must be affirmed unless the trial court has committed some error in his rulings at the trial.

We will now consider the other errors assigned by the appellant.

1. The first error assigned is that the complaint does not state facts sufficient to constitute a cause of action. This objection was first taken by demurrer, which was overruled by the court, and afterwards by objection to any evidence being received on the trial in support of the complaint, which was also overruled. It is urged that there are two defects which are fatal to the complaint:

*First*, that notice of the injury to the deceased was not given to the city authorities by her during her life-time, nor after her death until more than ninety days after the injury occurred, as required by sec. 1339, R. S. 1878. We are very clear that, when the death of the party injured occurs within ninety days after the injury, the fact that the deceased has not given the notice required by the statute does not defeat the action brought by the administrator under the provisions of sec. 4255, R. S., and that it is not

necessary in any case that the administrator should give the notice required by sec. 1339, R. S., in order to maintain an action under said sec. 4255. The language of sec. 1339 very clearly contemplates that the party who shall give the notice required by that section is the party injured. ' In fact, no one can maintain an action under said section other than the party injured. If the party injured die before judgment rendered in his favor, all right under that section is lost. See *Randall v. N. W. Tel. Co.* 54 Wis. 140; *Meese v. Fond du Lac,* 48 Wis. 323. It is evident, therefore, that the right to maintain the action for causing the death of Mrs. McKeigue is not given by said sec. 1339, but depends solely on the provisions of said sec. 4255, R. S. This section provides that " whenever the death of a person shall be caused by a wrongful act, neglect, or default, and the act, neglect, or default is such as would, if death had not ensued, have entitled the party injured to maintain an action and recover damages in respect thereof, then and in every such case the person who, or the corporation which, would have been liable if death had not ensued, shall be liable to an action for damages," etc.

It will be seen that the right to maintain this action for an injury causing the death of a party depends upon two things: First, that the death of the party was caused by the neglect or default of the defendant; and such neglect or default was such that, had the person injured lived, he could have maintained an action against the defendant for such injury. Now, it is evident from the facts found in this case that the neglect of the defendant caused the death of Mrs. McKeigue, and that the deceased, at the time of her death, could, had she lived, have maintained her action against the defendant city. She had ample time to give her notice, had she lived, as required by sec. 1339, R. S.; and, in the language of the statute, she might, had she lived longer, have maintained such action. We think sec.

4255 must be construed as giving the right of action to the administrator whenever the death occurs at such a time as would have enabled the deceased, had he or she lived longer, to have complied with sec. 1339, and so have maintained such action. Any other construction would destroy all right of action, under said sec. 4255, against towns, cities, villages, or counties under said section, when death followed immediately on the happening of the accident. In such case the party dying could not, at the time of the death, have maintained an action, because no notice had then been given as required by the statute; and sec. 4255 gives the action to the administrator only when an action could have been maintained by the deceased.

If the deceased had lived until after the expiration of the ninety days given by statute within which to serve the notice on the town, etc., and no notice had been served as required by law, and afterwards had died, it may be that a different rule would be applied. In such case the deceased could not have maintained an action had he or she continued to live longer; and possibly, under sec. 4255, no action could in that case be maintained by the administrator. We do not, however, pass upon this question, as it is not involved in this case. See *Parish v. Eden*, 62 Wis. 272, 287.

The cases cited by the counsel for the appellant, in Massachusetts, *Taylor v. Woburn*, 130 Mass. 494, and *Madden v. Springfield*, 131 Mass. 441, which seem to hold that the notice required to be given by the statutes of that state may be given after the death of the party injured and within the time limited by law, are not applicable under our statute. By the statutes of Massachusetts, an action for an injury to the person survives, and the administrator in such action maintains the action in the right of the deceased person, and recovers damages as though he had survived. See Pub. Stats. Mass. 1882, p. 958. Under the law

of that state the administrator stands in the place of the deceased, and recovers for the benefit of his estate. Under our law there is no such relation between the deceased and the person who brings the action.

*Second.* The learned counsel insist that the complaint is bad because it does not state facts which show that the children of the deceased suffered any pecuniary loss by the death of their mother. The complaint shows that the deceased was a widow at the time of her death; that she left surviving her eight children, ranging from the ages of twenty-five years down to seven years; and it further alleges that three of the younger children, being of the ages thirteen, eleven, and seven years, were dependent upon her for their support, nurture, and education. We think the facts stated show that the three children named in the complaint as being of the ages of thirteen, eleven, and seven years suffered a pecuniary loss by the death of their mother. We think the allegation that the younger children were dependent upon her for support and nurture and education should be construed to mean that she, while living, furnished them with support, nurture, and the means of education, which were lost to them by her death. The complaint is sufficient under the ruling of this court in the case of *Kelly v. C., M. & St. P. R. Co.* 50 Wis. 381, and states a cause of action under the statute.

2. The second error assigned is that the mayor of the defendant city was permitted to appear on behalf of the plaintiff in the action. It appears that Mr. Winans had been employed as one of the attorneys for the plaintiff in the action a long time before he was elected to the office of mayor. Under the circumstances, we see no impropriety in his performing a service he had contracted to perform for the plaintiff before he held the official relation to the city which he held at the time of the trial. Certainly he would not have been justified in assisting to defeat his client

in her action because of his subsequently acquired relations to the city, and we know of no rule of law or ethics which made it incumbent on him to withdraw his legal services from the plaintiff on account of his official position. We think he could not rightfully do so without her consent. We do not think the official position of Mr. Winans, under the circumstances, could have prejudiced the city in the trial of the action.

3. The third error assigned is that the court erred in permitting the plaintiff to prove the expressions of pain uttered by the deceased at the time she claimed to have been injured, and from that time down to her death. We think this evidence was clearly admissible. The learned circuit judge excluded all the statements made by the deceased as to the cause of her pains or injuries, and simply permitted the witnesses to testify as to her expressions of pain and suffering, and to indicate the place where such pains were located. To this extent we think the declarations of the deceased were admissible. See *Quaife v. C. & N. W. R. Co.* 48 Wis. 513, 524; *Gray v. McLaughlin*, 26 Iowa, 279; 1 Greenl. Ev. § 102, and cases cited in notes; *Matteson v. N. Y. C. R. Co.* 62 Barb. 364, 376; *Caldwell v. Murphy*, 11 N. Y. 416; *Fay v. Harlan*, 128 Mass. 244; *Barber v. Merriam*, 11 Allen, 322; *Insurance Co. v. Mosley*, 8 Wall. 397; *Bacon v. Charlton*, 7 Cush. 581; *Werely v. Persons*, 28 N. Y. 344.

4. It is alleged that it was error to permit the plaintiff to prove that two of the younger children were in poor health. We think this was competent, as tending to show that the loss of their mother was a pecuniary loss to them especially. It was competent on the question of damages. Because incidentally, under the statute, the other children might be benefited by this evidence, furnishes no good reason for excluding it.

5. It is alleged that it was error to permit proof that one of the aldermen of the city had notice of the defect in the

cross-walk before the accident happened. The city charter provides that the "common council shall have control and power over and management of all streets, alleys, lanes, and public grounds in said city," etc. This language of the city charter gives to the common council the same general powers and control over the streets of the city that the general laws of the state give to the supervisors of towns over the roads in their respective towns. See sec. 1223, R. S. 1878. The aldermen, with the mayor, compose the common council of the city.

In the case of *Jaquish v. Ithaca*, 36 Wis. 108, it was shown that notice of the defect in the highway had been given to the chairman of the town, who was one of the supervisors; and it was argued that such notice was not notice to the town. This court said: "Notice of the defect to that officer, who is one of the board charged by law with the care and superintendence of the highways and bridges in the town, is notice to the town; and if, thereafter, no proper precautions were taken in due time to guard against accidents by reason of such defects, the town is chargeable with negligence." The cases cited by the learned counsel for the respondent in their brief from other courts fully sustain the ruling of this court in the case of *Jaquish v. Ithaca*.

Independent of the evidence that notice had been given to one of the aldermen of the city of the defect in question, there was abundance of evidence in the case tending to show that the defect had existed for such a length of time that the city would be presumed to have notice of its existence without proof of actual notice.

6. This objection is similar in its nature to the fourth, and the evidence objected to was competent as tending to show that the children had no means of support of their own, and so would be dependent upon their mother if she was living.

7. The objection to the annuity tables, as tending to prove the probable number of years the deceased would

have lived if the accident had not happened, was not well taken.  This court held, in *Berg v. C., M. & St. P. R. Co.* 50 Wis. 427, and *Mulcairns v. Janesville,* 67 Wis. 24, that these tables were admissible in a case of this kind, not as forming a legal basis upon which the jury might determine the probable length of life of the deceased, but as evidence which the jury might consider, with all the other evidence in the case upon that point.  The eleventh error assigned upon the instruction to the jury on this question of the annuity tables cannot be sustained.  The learned judge did not direct the jury to base their finding upon these tables alone, but to consider them with the other evidence in the case.  Upon the propriety of admitting annuity tables in evidence in cases of this kind, see the case of *Vicksburg & M. R. Co. v. Putnam,* 118 U. S. 554, and cases cited in the opinion.

8. It is assigned as error that the court refused to give the following instruction to the jury: " If the deceased, Mrs. McKeigue, knew of the defect, its extent and nature, when she attempted to pass over the walk in question, the plaintiff cannot recover in any event, unless you find that the deceased was passing along the walk carefully, thoughtfully, and prudently, with the intent to avoid the danger which was in the way.  And if the deceased, at the time she attempted to pass over the walk in question, knew the same was dangerous and that she could not pass the same without risk of injury, and if she could, at the same time, easily have passed around the dangerous place so as to have avoided all danger, she cannot recover in this action."  We think this instruction was properly refused, in view of what the learned circuit judge had said to the jury upon that subject in his general charge.  The instruction requested would seem to require the deceased to have exercised the care indicated in the instruction requested, if she knew generally of the defect, though at the time she may, on account of the

storm and darkness or other causes, have not had it in mind
when she undertook to cross over it.   The last part of the
instruction asked was, we think, properly refused under any
circumstances.   Even though there may have been some
risk of injury in passing over the defective walk, and al-
though she might easily have passed around the dangerous
place, these facts alone, being conceded, did not, as a matter
of law, entitle the defendant to a verdict.   It would still be
a question for the jury whether she was guilty of contribu-
tory negligence in passing over the defective walk.

9. It is said that the learned circuit judge so instructed
the jury that he excluded from their consideration whether
the street was in a reasonably safe condition, and instructed
the jury that the city would be liable although the street in
question was in a reasonably safe condition.   After a care-
ful reading of the instruction referred to by the learned
counsel, we cannot find that such an instruction was given.
The instruction referred to by the learned counsel in their
brief commences with this statement:  " While the duty
rested upon the city to keep this cross-walk in a reasonably
safe condition for public use by day and night," etc.  If the
learned counsel mean by this exception to the instructions that
the cross-walk in question might be defective and wholly
out of repair and unsafe for public travel, and yet the street
as a whole be reasonably safe, we would be inclined to
differ with them on that proposition; but, if such was the
claim, it was their duty to have called the attention of the
learned circuit judge to that proposition, and have asked
some instruction conveying that idea to the jury, if they
wished to rely upon it as a valid legal proposition.

The tenth assignment of error raises the same question
presented by the fifth.   It was not error to instruct the jury
that notice of the defect to one of the aldermen was notice
to the city.   The eleventh error was disposed of in con-
nection with the seventh; and the twelfth error assigned

was disposed of in connection with the eighth, and no further comment upon them is required here.

Holding, as we do, that upon all the material questions of fact the verdict of the jury is sustained by the evidence, and that there are no errors in the admission or rejection of evidence, in the instructions to the jury, or in the general conduct of the trial, it follows that there was no error in refusing to grant a new trial.

*By the Court.*— The judgment of the circuit court is affirmed.

See note to this case in 31 N. W. Rep. 303.— REP.