CITY OF CEDAR RAPIDS, Appellant, v. CEDAR RAPIDS & MARION CITY RAILWAY COMPANY.

**Highways:** STREET RAILROADS: *Bridges.* A bridge is not a part of a street, nor does the term "pave" apply to the reflooring of the bridge, within a municipal ordinance requiring a street railway company to pave the space between the rails on any street which may, at any time, be paved or be ordered to be paved, by the city council, where bridges are named several times in the ordinance as distinct from streets, avenues, and highways.

*Appeal from Linn District Court.*—HON. W. G. THOMPSON, Judge.

TUESDAY, MAY 16, 1899.

DEFENDANT'S demurrer to the plaintiff's petition was sustained; and, the plaintiff electing to stand upon the petition, and refusing to further plead, judgment was entered against it for costs, from which judgment it appeals.— *Affirmed.*

*Warren Harman* and *J. J. Powell* for appellant.

*Chas. A. Clark & Son* for appellee.

GIVEN, J.—I.   The petition shows that the defendant corporation is operating a street-railway line upon designated streets, avenues, and bridges of the plaintiff city, under

an ordinance of said city conferring the right to do so, subject to the conditions imposed by said ordinance. One of the conditions is that said company shall, at its own cost and expense, keep in good repair that portion of such streets and highways as is now paved which is included between the rails over which the cars pass and one foot outside of the same on either side, but not between the two inside rails where a double track is used except for the distance of one foot on either side as aforesaid, and shall immediately, at its own cost and expense, pave the portion of the streets included between the rails on each track and one foot outside the same on either side on all streets and avenues which may at any time be paved or ordered to be paved by the city council, and the manner of laying such paving and the material used shall be in accordance with the specifications furnished by the city engineer of said city." The petition further shows that, at the time said railway was constructed on First Avenue bridge across Cedar river, said bridge was paved with plank and cedar blocks; that thereafter said paving became out of repair between the rails and one foot outside thereof; that defendant neglected and refused to keep the same in repair, though demanded and notified so to do; and that said city council passed a resolution requiring as follows: "That said bridge be repaved with oak plank three inches thick, laid diagonally on said bridge, and that said City Railway Company be given ten days in which to repave that portion of said First Avenue bridge between the rails and tracks and one foot outside of its tracks, as required by law to pave; and if said City Railway Company does not repave that portion of the bridge which it is required to pave within ten days from the date notice of this order is served on it, such repaving will be done by the city, and the cost thereof assessed as a special assessment against said Cedar Rapids & Marion City Railway Company, in accordance with the law and ordinances of said city." It was further resolved that, if the defendant did not, after ten days' notice, "repave

that portion of First Avenue bridge between its rails and tracks and one foot outside of its tracks," the board of public works should advertise and let the contract for such repairs to the lowest bidder; and that, the defendant refusing to make said repairs, said board let a contract for reflooring the bridge in accordance with said resolution, and the work was done at a cost of six thousand three hundred and forty-nine dollars, on account of which the city assessed the defendant nine hundred and forty-four dollars and thirty cents, and this action is to recover that sum, with interest. It is shown in the petition that the board of public works and the defendant "agree that they were unable to determine the duty of the defendant in the matter of repairing any part of the floor of the bridge, and they agreed not to enter into any consideration of that question, but to leave that to be decided by the courts." By the demurrer the defendant presents, among others, the question whether it is liable for any part of the cost of repairing of said bridge, as was ordered and made under said resolution; in other words, whether the repairs ordered and made are "paving" within the meaning of said ordinance.

II. The ordinance imposes upon the defendant company the duty of keeping in repair "such streets and highways as are now paved," and to "pave on all streets and avenues which may at any time be paved or ordered to be paved" the "portion of the streets included between the rails and one foot outside of the same." The repairs ordered and made were "that said bridge be repaved with oak plank three inches thick laid diagonally on said bridge." There are two obvious reasons why this demurrer was properly sustained, namely, that the bridge is no part of the streets, avenues, and highways, within the meaning of said ordinance, and that the duty to pave or to repair pavement in the streets, avenues, and highways does not include reflooring of the bridge with oak plank, as ordered in the resolution. It is true that for certain purposes, as for travel, bridges are made part of the streets, avenues and highway; but throughout the

statute and in this ordinance, and in common acceptation, they are recognized as different from that part of the streets, avenues, and highways which are made directly upon the earth's surface.　Section 870 of the Code authorizes the board of public works to "take charge of　*　*　*　all street improvements, sewers,　*　*　*　bridges,　*　*　* and the entire erection　*　*　*　thereof." If, for all purposes, bridges are to be regarded as part of the street, why have made special mention of bridges in this connection, and, if bridges are to be regarded as a part of the street or highway for all purposes, why have specially mentioned them as in section 2 of said ordinance? It is by said section that power is granted to operate the street railway "on the streets, avenues, and bridges." Bridges are named several times in the ordinance as distinct from streets, avenues, and highways.　The term "pave," as applied to streets, avenues, and highways, refers to the laying of some hard substance upon the earth, so as to make a convenient surface for travel, and such is undoubtedly the sense in which the word is used in this ordinance. We do not think the ordinance can be fairly construed to apply to the reflooring of the bridge as ordered in said resolution. In view of our conclusion, it is unnecessary that we consider other questions discussed.—AFFIRMED.