ROSE SACHS, Administratrix, Appellant, v. THE CITY OF SIOUX CITY.

**Defective Sidewalks:** NOTICE OF INJURY: *Survival of action.* Under Acts Twenty-sixth General Assembly, chapter 63, providing that in cases of personal injury resulting from defective streets or side-walks, or from neglect of municipalities in maintaining streets or sidewalks, no suit shall be brought against the corporation after three months from the date of injury, unless a written notice thereof is served on the corporation within sixty days after it occurred, an action against a city for the death of a husband, which occurred more than three months after he was injured, is barred when no such notice of the injury is given prior to the death, since Code, section 3443, providing that causes of action shall survive notwithstanding the death of the party entitled or liable to the same, creates no new cause of action.

BRIDGES: *When part of street.* Under Code 1873, section 45, paragraph 5, providing that "highway" and "road" include public bridges, and may be held equivalent to "country way or road," or "common or state road," and section 1001, providing that bridges erected or maintained by the public constitute part of the highway, an injury received by the falling of a bridge maintained by a city on one of its streets comes within Acts Twenty-sixty General Assembly, chapter 63, providing that, in cases of personal injury resulting from defective streets or sidewalks, no suit shall be brought after three months from the date of injury, unless a written notice thereof is served on the corporation within sixty days after it occurred.

*Appeal from Woodbury District Court.*—HON. F. R. GAYNOR, Judge.

TUESDAY, OCTOBER 10, 1899.

THE defendant city maintained a bridge over Perry creek, on one of its streets, and while Lorenz Sachs was driving over it with a load of lumber, June 8, 1897, the supporting timbers gave way, and the bridge, with Sachs, fell a distance of twenty-five or thirty feet. He received injuries which caused his death September 20, 1897. This action was brought by his administratrix for damages October 7, 1897. At the close of the plaintiff's evidence a verdict was directed for the defendant, and judgment rendered thereon. The plaintiff appeals.—*Affirmed.*

*Argo & McDuffie* and *Kennedy, Jackson & Kennedy* for appellant.

*A. H. Burton, F. E. Gill,* City Attorney, and *T. F. Bevington* for appellee.

LADD, J.—Sachs lived more than three months after receiving his injuries, and no notice whatever was served on the city within that time. The law, as it then stood, read, "In all cases of personal injuries resulting from defective streets or sidewalks, or from any cause originating in the neglect or failure of any municipal corporation or its officers to perform their duties in con-

structing or maintaining streets or sidewalks, no suit shall
be brought against the corporation after three months from
the date of the injury, unless written notice specifying the
place and circumstances of the injury shall have been served
upon such municipal corporation within sixty days after the
injury." Chapter 25 Acts Twenty-second General Assem-
bly, as amended by chapter 63, Acts Twenty-sixth General
Assembly. Had Sachs lived, his cause of action would have
been barred by this statute. *Starling v. Incorporated Town
of Bedford,* 94 Iowa, 194. *Reed v. City of Muscatine,* 104
Iowa, 183. Unless, then, a new cause of action, in event
of a wrongful death, is created by section 3443 of the Code,
there can be no recovery. That provides, "All causes of
action shall survive and may be brought notwithstanding the
death of the person entitled or liable to the same." In other
words, the cause of action no longer dies with the party
injured, as at common law, but passes to the administrator,
as assets of the estate. It does not spring into existence from
death, but, having a previous existence, does not perish with
him who was entitled to maintin an action thereon. *Sher-
man v. Stage Co.,* 24 Iowa, 542; *Conners v. Railway Co.,*
71 Iowa, 490; *Dwyer v. Railway Co.,* 84 Iowa, 479;
*Worden v. Railway Co.,* 72 Iowa, 204; *Kellow v. Rail-
way Co.,* 68 Iowa, 480. See also, *Taylor v. Inhabi-
tants of Woburn,* 130 Mass. 494. As Sachs had lost
his cause of action by failing to give the required notice,
there was nothing to survive, and on which the administra-
trix could base a suit. The ruling in *Maylone v. City of St.
Paul,* 40 Minn. 406 (42 N. W. Rep. 88), rests in the word-
ing of the charter of the defendant city, which required notice
"that the person injured will claim damages of the city for
such injury" to be served, and also on statutes by which the
cause of action, in event of wrongful death, is expressly given
the personal representative. It will be observed that our
statute does not limit the necessity of notice to claims by
the injured party. The point has not been decided in Wis-

consin, though in *McKeigue v. City of Janesville,* 68 Wis. 50 (31 N. W. Rep. 298), it was intimated that, had deceased lived out the time within which notice should have been served, the action would have been barred; while in the earlier case of *Parish v. Town of Eden,* 62 Wis. 272 (22 N. W. Rep. 399), the view entertained by the supreme court of Minnesota finds approval. The statute of that state seems to be construed as 'creating a new cause of action. *Topping v. Town of St. Lawrence,* 86 Wis. 526 (57 N. W. Rep. 365); *McKeigue v. City of Janesville, supra.* The necessity of notice in such case results from the decisions that the action of the personal representative is based, not on an independent cause of action, as in Minnesota and Wisconsin, but on one existing in favor of the deceased at the time of his death.

II. But it is contended that the section requiring the service of notice has no application where the injury originated in the neglect of the municipality to properly construct or maintain a bridge. In other words, the appellant asserts that this bridge was no part of the street, and for that reason no notice was required. Paragraph 5 of section 45 of the Code of 1873 reads: "The words 'highway' and 'road' include public bridges and may be held equivalent to the words 'county way,' 'county road,' 'common road,' and 'state road';" and section 1001: "Bridges erected or maintained by the public constitute parts of the highway." It will be observed that "street" is not specifically mentioned, and it is said that by implication it is excluded. But "highway" is the broader term. All streets are highways, but not all highways are streets. *Tucker v. Conrad,* 103 Ind. 355 (2 N. E. Rep. 803); *Penny Pot Landing v. City of Philadelphia,* 16 Pa. St. 79; *Benedict v. Goit,* 3 Barb. 459; 24 Am. & Eng. Enc. Law, 3. Judge Elliott, in his work on Roads and Streets (page 12) says: "A street is a road or public way in a city, town, or village. As the way is common and free to all the people, it is

a highway; and it is proper to affirm that all streets are highways, although not all highways are streets. * * * 'Street' is a generic term, and includes all urban ways which can be, and are generally, used for ordinary purposes of travel. * * * It is, in the strictest sense, a highway free to all, and maintained, not for private gain, but public benefit." "Street" is defined by Webster as "originally a paved way or road; a public highway; a thoroughfare in a city or village;" and in the Century Dictionary as "a paved road; a highway; (2) a public way or road, whether paved or unpaved, in a village, town, or city, ordinarily including a sidewalk or sidewalks and a roadway;" and in Bouvier's Law Dictionary as "a public thoroughfare or highway in a city or village." The essential difference is in the location and the manner of improvement. *Huddleston v. City of Eugene,* — Or. — (55 Pac. Rep. 868, 43 L. R. 64). See 2 Dillon Municipal Corporations (4th ed.), section 688. As "highway" is the broader term, it would seem it should be held to include streets, and, if so, that a bridge must be construed, under these statutes, as a part of the street. In the absence of statute, bridges have been uniformly adjudged a part of the highway. *Washer v. Bullit Co.* 110 U. S. 558 (4 Sup. Ct. Rep. 249); cases collected in note to 4 Am. Eng. Enc. Law (2d ed.). 920. And when over a stream crossing a street in a city they are a part of the street. *Beaver v. City of Manchester,* 26 Law J. Q. B. 311; *City of Eudora v. Miller,* 30 Kan. 494 (2 Pac. Rep. 685); *McDonald v. City of Ashland,* 78 Wis. 251 (47 N. W. Rep. 434); *City of Chicago v. Powers* 42 Ill. 169. In the last case the court said, through Walker, C. J.: "It seems to us to be obvious that a bridge over a stream crossing a street is a part of the street. It is as much so as the cover placed over a drain or a sewer crossing a street. Persons travel over it as they do over other portions of a street, —subject, it may be, to any delay that may be occasioned in opening and closing a draw." In common parlance a street

of a city includes the necessary bridges, and we are of opinion that bridges are included in the term "streets," as used in the act requiring notice. The appellant ingeniously argues that, as "streets" and "sidewalks" are both mentioned, "streets" must have been used in a restricted sense. It may be conceded that enumeration where generalization would have served as well has the effect of limiting the meaning of the words used. But a sidewalk may quite as appropriately extend across a bridge as along the surface of the ground, and is quite as common in the one place as the other. In using the word "sidewalks," then, the bridge may necessarily have been included, rather than excluded, as a part of the street. It may be that, where both "streets" and "bridges" are mentioned in the same statute, the former should not be construed to include the latter. This was held in *City of Cedar Rapids v. Cedar Rapids & M. C. Ry. Co.*, 108 Iowa, 406, where we said: "It is true that for certain purposes, as for travel, bridges are made a part of the streets, avenues, and highways; but throughout the statute and in this ordinance, and in common acceptation, they are recognized as different from that part of the streets, avenues, and highways which are made directly upon the earth's surface." The statute referred to was section 870 of the Code. But there is no apparent reason for saying that in these acts, relating solely to the remedy, such a restricted meaning should be given to the term. The evident design of requiring notice was to enable the municipality to investigate the facts concerning any injury, while fresh in mind, and there is precisely the same necessity for so doing whether the injury happened on the surface of the earth, or that part of the street called a "bridge." The mischief intended to be remedied is the same, and the word "streets," in the act, should be given its general, rather than its restricted, meaning.—AFFIRMED.