OF THE

## STATE OF IOWA.

AT

## DES MOINES, JANUARY TERM, A. D. 1904.

AND IN THE FIFTY-EIGHTH YEAR OF THE STATE.

---

LEDYARD FREEMAN, Appellant, v. CITY OF INDEPENDENCE.

**Cities:** REPAIR OF BRIDGES: STATUTES. A city is bound to repair bridges within its corporate limits. Statutes in relation thereto considered and construed.

*Appeal from Buchanan District Court.*—HON. F. C. PLATT, Judge.

FRIDAY, JANUARY 15, 1904.

ACTION to recover damages for a personal injury received on a bridge on one of the defendant's streets. There was a directed verdict for the defendant. The plaintiff appeals.—*Reversed.*

NOTE—The figures on the left of the syllabi refer to corresponding figures placed on the margin of the case at the place where the point of the syllabus is decided.

*E. E. Hasner* for appellant.

*H. C. Chappell* for appellee.

SHERWIN, J.—The defendant is a city of the second class. The bridge upon which the plaintiff received his injury was about fourteen feet long, and spanned a dry run which crossed one of the defendant's streets. The trial court held, as a matter of law, that section 757 of the Code relieved the defendant of any duty to keep the bridge in repair. It is conceded by the defendant that, before the enactment of this statute, cities of its class were ordinarily bound to keep bridges of this span in repair, and that they were liable for a failure to do so. Paragraph 18 of section 312 of the Revision of 1860, and of section 303 of the Code of 1873, were precisely the same in language, and gave the board of supervisors power to provide for the erection of all bridges which were necessary for the public convenience, "and to keep the same in repair." Section 1097 of the Revision of 1860 and section 527 of the Code of 1873 each provided, in identical language, that cities should have the care, supervision, and control of all public highways, bridges, streets, and alleys within their limits, and that they should cause the same to be kept open "and in repair and free from nuisances." There was added to the latter section, however, the requirement that public bridges exceeding forty feet in length, over any stream crossing the street or highway, should be built and kept in repair by the county. Under the Revision of 1860, the county had the power to construct all necessary bridges and to keep them in repair, and cities were given the care, supervision, and control of all bridges within their limits, and required to keep them in repair; the statute apparently imposing a dual duty in respect to the repair of bridges; yet we held thereunder that the county was not liable for the repair of bridges within the corporate limits of cities of the second class, and that such cities were liable therefor. *McCullom*

v. *Black Hawk County*, 21 Iowa, 409. While the Revision
of 1860 was still the law, we also held, in *Mullarky v. Cedar
Falls*, 19 Iowa, 21, that an incorporated town had the power
to build bridges within its limits, because of its power and
control over its streets, and its duty to provide easy and safe
transit thereon. Paragraph 18 of section 422 of the Code
provides that the county shall have power to erect all bridges,
"and to keep same in repair, except as is otherwise provided
by law;" and section 757 of the Code gives the "care, super-
vision and control of all public bridges and culverts" within
the corporate limits of a city to the city, and provides that
it shall keep the same open and free from nuisances, and
that it shall construct and keep in repair all public culverts;
and it is under the latter section of the Code that the defend-
ant claims that it is not liable.

It is a familiar principle that all statutes relating to the
same subject-matter must be considered together, and that
when a statute is changed the meaning or purpose of the
change is to be determined by the remedies sought in view of
the previous construction placed upon prior enactments on
the same subject. By section 753 of the Code, cities are
given the care of all public highways, streets, and alleys with-
in their limits, and are required to keep the same in repair
and free from nuisances. It will thus be seen that, in the
enactment of the Code, section 527 of the Code of 1873
seems to have been divided and re-enacted in sections 753
and 757. But notwithstanding this change, and the fact that
section 757 says nothing about the repair of bridges, and does
provide for the construction and repair of culverts, we do not
think it was thereby intended to relieve cities from repairing
bridges within their corporate limits. As we have seen, it
had before that been held that cities had the power, even in
the absence of express statutory authority, to build bridges
within their limits, and that they were liable for not keep-
ing them in repair; and this holding was based, at least par-
tially, upon the care, control, and supervision which they
were given over the streets. The duty of keeping the streets

in repair, and of exercising care, control, and supervision over bridges within their limits, is still imposed by the statute; and, if it was the legislative intent that they should not be required to repair bridges, the language chosen to convey such intent was not very appropriate. Furthermore, the exception made in section 422 may well be construed to mean that the county shall not be held to repair bridges where it is the duty of cities to do so under the previous holdings of the court. Again, there are usually many small bridges in all cities of any considerable size,—bridges that cost trifling sums and that need constant repairing—and it can hardly be conceived that it was the legislative intent to relieve cities from repairing them, no matter whether built by the city or not. Yet the contention of the defendant would compel the county to keep every structure within corporate limits classed as a bridge in repair, and exempt the city from any duty relating thereto. Moreover, the character of the bridge in question is such that the court will presume that it was built by the defendant. It is old, and was for many years repaired by the defendant, and it is a part of its street. *Sachs v. City of Sioux City,* 109 Iowa, 224. It being the duty of a city to keep its streets in repair, as has repeatedly been held, no express statutory authority is necessary to authorize it to repair a bridge which is a part of a street, and the failure of the Legislature to expressly grant such power does not signify its intention to relieve the city from such liability. See *Soper v. Henry County,* 26 Iowa, 264. The statute designates the fund from which the expense of repairs may be paid, and we see no reason for holding that a city is not bound to make them.

The judgment is REVERSED.