## MOORE *v.* COUNTY OF INGHAM.

1. HIGHWAYS AND STREETS—PERSONAL INJURIES—NEGLIGENCE—STATUTES.

   The latest statute, providing a specific remedy and procedures thereof for negligently inflicted personal injury to user of county highway, controls over an earlier act (CL 1948, § 46.72; CLS 1956, § 224.21).

2. STATUTES—IMPLIED REPEAL.

   A later statute impliedly repeals an earlier one where the 2 are in conflict.

3. COUNTIES—HIGHWAYS AND STREETS—NEGLIGENCE—STATUTES.

   Statute, providing a remedy to person injured as a result of negligence of board of county road commissioners, such as maintaining an unguarded manhole in a public street subject

REFERENCES FOR POINTS IN HEADNOTES
[1] 50 Am Jur, Statutes §§ 543 *et seq.*, 597.
[2] 50 Am Jur, Statutes § 543.
[3] 50 Am Jur, Statutes §§ 543, 544.
[4] 14 Am Jur, Counties § 67.
[5] 14 Am Jur, Costs § 35.

to its control, being in conflict with previously enacted statute providing for auditing of claims against counties, voids the earlier remedy for such particular class notwithstanding loose use of language in referring to county and county board of road commissioners interchangeably, the required written notice being one of intent to hold the county liable for damages sustained (CL 1948, § 46.72; CLS 1956, § 224.21).

4. Same—Unguarded Manhole in Street—Notice to County Road Commissioners.

Plaintiff who was injured as a result of negligence of board of county road commissioners in maintaining an unguarded manhole in a street subject to its control, and who had failed to give timely notice of claim for such damage to the board, as required by pertinent and controlling statute, was not entitled to prosecute the claim against the county (CLS 1956, § 224.21).

5. Costs—Construction of Statutes—Negligent Maintenance of Street.

No costs are allowed in action against county for injuries alleged to have been sustained as result of negligent maintenance of manhole in public street by board of county road commissioners, where question involved arose from conflict of statutes (CL 1948, § 46.72; CLS 1956, § 224.21).

Appeal from Ingham; Coash (Louis E.), J. Submitted April 13, 1961. (Docket No. 80, Calendar No. 48,951.) Decided September 21, 1961.

Case by Joe Moore against the County of Ingham for personal injuries sustained when he fell into unguarded manhole. Cause dismissed on motion. Affirmed.

*H. Donald Bruce,* for plaintiff.

*Sessions & Denfield (George H. Denfield,* of counsel), for defendant.

Per Curiam. Plaintiff, having alleged negligent maintenance of an "unmarked, open manhole, located on the shoulder of an unlighted suburban street in Lansing township that was under the control of the county of Ingham," advises that "this cause of

action was started by appeal from the decision of the board of supervisors" disallowing his claim for personal injuries suffered January 1, 1959, by a fall into such open manhole. He avers right to proceed directly against the county under article 8, § 9, of the Constitution (1908) and the general enabling act of 1909, as amended (CL 1948, §§ 46.71–46.77 [Stat Ann §§ 5.521–5.527]).

Judge Coash dismissed on ground that plaintiff's right of action was exclusively suable against the county road commission under amended section 21 of chapter 4 of the highway law (CLS 1956, § 224.21 [Stat Ann 1958 Rev § 9.121]).* Plaintiff, appealing,

---

* The relevant portion of 1954-amended section 21 of the statute reads as follows:

"It is hereby made the duty of the counties to keep in reasonable repair, so that they shall be reasonably safe and convenient for public travel, all county roads, bridges and culverts that are within their jurisdiction and under their care and control and which are open to public travel. The provisions of law respecting the liability of townships, cities, villages and corporations for damages for injuries resulting from a failure in the performance of the same duty respecting roads under their control, shall apply to counties adopting such county road system. Actions arising thereunder shall be brought against the board of county road commissioners of the county and service shall be made upon the clerk and upon the chairman of the board made defendant therein, which shall be named in the process as the 'board of county road commissioners of the county of ..............' and any judgment obtained thereon against such board of county road commissioners shall be audited and paid from the county road fund as are other claims against such board of county road commissioners: Provided, however, That no board of county road commissioners, subject to any liability under this section, shall be liable for damages sustained by any person upon any county road, either to his person or property, by reason of any defective county road, bridge or culvert under the jurisdiction of the board of county road commissioners, unless such person shall serve or cause to be served within 60 days after such injury shall have occurred, a notice in writing upon the clerk and upon the chairman of the board of county road commissioners of such board, which notice shall set forth substantially the time when and place where such injury took place, the manner in which it occurred, and the extent of such injuries as far as the same has become known, the names of the witnesses to said accident, if any, and that the person receiving such injury intends to hold such county liable for such damages as may have been sustained by him. It is the intention that the provisions of this section shall apply to all county roads whether such roads become county roads under chapter 4 of the general highway laws, Act No 283 of the Public Acts of 1909, as amended,

relies on certain language appearing in *Braun* v. *County of Wayne,* 303 Mich 454, 458–460. His contention is that the legislature has provided a choice of remedies for negligent injury sustained on county roads, and that such choice may be made by one who has failed of timely compliance with the requirement of written notice set forth in the quoted portion of said section 21.

The *Braun Case* does include *dicta* indicating the claimed right of choice. However, the presented issue was whether the defendant county, having considered the merits of the presented claims, thereby waived the requirements of section 2 of the general act above (CL 1948, § 46.72 [Stat Ann § 5.522]). The language employed must, the context of the opinion considered, be taken as proceeding on assumption *arguendo* of a choice and as holding that, whether the plaintiffs were to be treated as having proceeded under the one statute or the other, they were out of court for these reasons (p 460):

"If plaintiffs sought recovery by suit under the first method, this action must fall because of their failure to serve the required statutory notice. If they sought recovery under the second method by presenting their claims to the board of auditors, this action also must fall because of their failure to appeal within 20 days after the disallowance of the claims. Plaintiffs have not wholly pursued either method and cannot be permitted to combine procedural steps of both methods."

The circuit judge was right in holding that the latest expression of the legislature, providing a specific remedy and the procedures thereof for negligently inflicted personal injury as claimed in this case, controls over the earlier act. Enactment of

or under the provisions of the Covert Act, so-called, the same being Act No 59 of the Public Acts of 1915, as amended." (PA 1954, No 12.)

the statute on which the plaintiff relies, including its sole amendment of 1911, took place long before county road commissions were authorized to "take over" township roads.   To the extent of conflict between the old and the new, the latter impliedly voids the earlier remedy under well known rules of statutory construction.   The conflict is, of course, that of providing a precise and modern remedy by suit against the county board of road commissioners for personal injury sustained on county roads, conditioned on the giving of timely written notice as in section 21 provided; whereas the earlier remedy was and is general, was and is available against the county directly, and was and is auditable in first instance by the board of supervisors or board of auditors—distinguished from the board of road commissioners—without any prerequisite of immediate-upon-injury notice, written or otherwise.

We are unwilling to impute, to the legislature, the intent of providing 2 alternative remedies for a defined class of wrongs, one relieving the whimsical plaintiff from the rigors of an on-time written notice and the other taxing him therewith.   Such an imputation would nullify the most recent expression of the legislature, which in abbreviation is that no one may "hold such county liable" for injury sustained on a county road unless he complies with said section 21.

True, section 21 as amended in 1951 and 1954 is uncritically phrased.   The county and the county board of road commissioners are referred to loosely and interchangeably.   The statutory duty devolves on the *county,* as it did prior to the amendments of 1951 and 1954.   However, the provided right of action for breach of that duty is against the *board* as defendant, which was not the case prior to the amendments of 1951 and 1954 (see CL 1948, § 224.21

[Stat Ann § 9.121]). The present proviso is that "no board of county road commissioners, subject to any liability under this section, shall be liable for damages * * * unless such person shall serve or cause to be served within 60 days after such injury shall have occurred," the required notice in writing. The notice must be one of intent "to hold such *county* liable for such damages as may have been sustained by him."

A construing judge, reading the older statute in light of the newer one, can only conclude that the present legislative intent is that injured persons, of the class to which this plaintiff belongs, are confined exclusively to the remedy said section 21 provides. To "hold such *county* liable" for injuries sustained on account of breach of the duty imposed by the section, it is necessary that the board of county road commissioners be given timely notice and that it, the board, be sued. This the plaintiff has not done.

Affirmed. No costs.

DETHMERS, C. J., and CARR, KELLY, SMITH, BLACK, EDWARDS, KAVANAGH, and SOURIS, JJ., concurred.