BOIKE *v.* CITY OF FLINT.

MUNICIPAL CORPORATIONS—DEFECTIVE STREET—NOTICE OF INJURY—WAIVER.

> Statutory requirement that written notice of bodily injury, sustained by reason of neglect to keep streets and ways under the control of the city in reasonable repair and in condition reasonably safe and fit for public travel, be given to the city within 60 days of the time of the happening thereof applies to any and all actions for bodily injuries so occasioned, and where a plaintiff fails to give such timely notice or it is not waived by a person authorized to do so, the right of action is lost (CL 1948, § 242.1 *et seq.*, as amended by PA 1951, No 19).

Appeal from Genesee; McGregor (Louis D.), J. Submitted October 9, 1964. (Calendar No. 33, Docket No. 50,388.) Decided February 2, 1965.

Complaint by Martin Boike against the City of Flint, a municipal corporation, for damages resulting from fall on icy walkway. Case dismissed on motion. Plaintiff appeals. Affirmed.

*Leitson, Dean, Dean & Abram* (*Robert Abram,* of counsel), for plaintiff.

*Edward P. Joseph,* City Attorney, and *Richard R. Lovinger,* Assistant City Attorney, for defendant.

---

REFERENCES FOR POINTS IN HEADNOTE

38 Am Jur, Municipal Corporations §§ 673, 702.

Waiver of, or estoppel to assert, failure to give required notice of claim of injury to municipality, county, or other governmental agency or body. 65 ALR2d 1278.

PER CURIAM.  This is another case where the plaintiff, suing on exclusive authority of a long-standing statute (CL 1948 and CLS 1961, § 242.1 *et seq.* [Stat Ann 1958 Rev § 9.591 *et seq.*]),* would avoid one of the mandatory sections of that statute (CL 1948, § 242.8 [Stat Ann 1958 Rev § 9.598]) in effort to maintain such pleaded right.  In so many words, plaintiff would have the Court conclude that the legislature, when that body employed the premisory phrasing of sections 1, 5, 7, and 8 of such statute, created a right of action for "bodily injury" based upon negligence rather than nuisance, and further that the requirement of written notice to the defendant city, "within 60 days from the time of the happening of such injury," applies solely to actions based upon negligence and does not apply to actions based upon nuisance.

We are not disposed to enter upon a discussion of the distinctions between a right of action based on negligence and a right of action based on nuisance, as to which see 39 Am Jur, Nuisances, § 4, pp 282, 283.  It is ruled simply that the requirement of statutory notice applies to any and all actions for "bodily injury" sustained by reason of neglect to keep streets of a city, or ways of a city under city control, in reasonable repair and in condition reasonably safe and fit for public travel, and that the statute makes for its purposes no distinction between the various theories of recovery that are open to a person claiming damages for such "bodily injury."

The provisions of section 8 are plain.  They are lay understandable as well as professionally under-

---

* The provisions first appear in PA 1861, No 197; PA 1879, No 244; and PA 1887, No 264, and were incorporated into the general highway law PA 1909, No 283, ch 22, the first section of which was amended by PA 1951, No 19.  Effective July 1, 1965, chapter 22 above was repealed by PA 1964, No 170 (CL 1948, § 691.1401 *et seq.* [Stat Ann Current Material § 3.996(1) *et seq.*]).

stood, and are mandatory. Since plaintiff lost his cause for "bodily injury" under the statute, by reason of failure to comply on time with said section 8, he is now possessed of no right of action—against the defendant city—on account of the conditions which caused the injury and consequences he has pleaded.

Section 8 of the act, if not complied with timewise by the injured person, eliminates that person's right of action as provided by section 1 thereof. The same section also abrogates the common-law liability of the city for or on account of bodily injuries sustained by any person by reason of neglect to keep in repair, et cetera. In the absence of a legally recognized waiver of the required written notice, there is nothing left for the tardy injured person, infant or otherwise. See, as to infants, *Davidson* v. *Muskegon,* 111 Mich 454.*

Plaintiff inquires, by stated question 3:

"Is notice by plaintiff-city employee to the defendant city's physician, the fire department captain (on duty at the time of injury), and application for sick leave benefits, all made within 60 days, sufficient notice to the city pursuant to CL 1948, § 242.8 (Stat Ann 1958 Rev § 9.598)?"

Cited in support of an affirmative answer are several cases from other States. We cannot follow them since the legislature of Michigan, by said section 8, has made it plain that *written* notice—on time—is necessary to sustenance of such a suit. And it was not shown that any official of the city, the city physician included, was by local law or other legislative action possessed of authority to waive the requirement of such written notice. See *Rottschafer*

---

* The constitutionality of section 8, insofar as it applies to infants or others under legal disability, has not as yet been put to test.

v. *East Grand Rapids,* 342 Mich 43 (52 ALR2d 960).

The circuit court's order dismissing plaintiff's suit, assigning failure of timely written notice under said section 8, is affirmed, with costs to the defendant city.

KAVANAGH, C. J., and DETHMERS, KELLY, BLACK, SOURIS, SMITH, O'HARA, and ADAMS, JJ., concurred.