See also, 6 Cir., 364 F.2d 919.

**Joyce M. KRAUS, Special Administratrix of the Estate of Kenneth Kraus, Deceased, Plaintiff-Appellant,**

v.

**BOARD OF COUNTY ROAD COMMISSIONERS FOR the COUNTY OF KENT and Board of County Road Commissioners for the County of Newaygo, Defendants-Appellees.**

No. 17540.

United States Court of Appeals
Sixth Circuit.

Nov. 30, 1967.

Richard M. Van Orden, Grand Rapids, Mich. (Bergstrom, Slykhouse, Shaw, Van Orden, DeYoung & Boyles, by Richard M. Van Orden, Grand Rapids, Mich., on the brief), for appellant.

Edward D. Wells, Grand Rapids, Mich. (Cholette, Perkins & Buchanan, Grand Rapids, Mich., on the brief), for the County of Kent (William J. Addison, Grand Rapids, Mich., of counsel).

Sam F. Massie, Jr., Grand Rapids, Mich. (Allaben, Massie, Vander Weyden & Timmer, by Sam F. Massie, Jr., Grand Rapids, Mich., on the brief), for the County of Newaygo.

Before PHILLIPS, EDWARDS and PECK, Circuit Judges.

EDWARDS, Circuit Judge.

This is an appeal from the dismissal of a widow's complaint in a diversity action. Appellant sought damages for the death of her husband in an automobile accident resulting from the alleged negligence of the two counties concerned in failing to keep their roads in a condition "reasonably safe and convenient for public travel." The action was dismissed on motion by the District Court for want of the statutorily required notice.

The right to the cause of action filed in this case is created by the Michigan Wrongful Death Act, MICH.STAT.ANN. § 27A.2922 (1962), Comp.Laws Mich.1948, § 600.2922 [P.A.1961, No. 236]. The duty of counties to maintain roads in the condition described and to respond in damages for failure to do so is created by MICH.STAT.ANN. § 9.121 (1958), Comp.Laws Mich. 1948, § 224.21 [P.A. 1954, No. 12]. This latter statute also contains a proviso requiring prompt notice:

"Provided, however, That no board of county road commissioners, subject to any liability under this section, shall be liable for damages sustained by any person upon any county road, either to his person or property, by reason of any defective county road, bridge or culvert under the jurisdiction of the board of county road commissioners, unless such person shall serve or cause to be served within 60 days after such injury shall have occurred, a notice in writing upon the clerk and upon the chairman of the board of county road commissioners of such board, which notice shall set forth substantially the time when and place where such injury took place, the manner in which it occurred, and the extent of such injuries as far as the same has become known, the names of the witnesses to said accident, if any, and that the person receiving such injury intends to hold such county liable for such damages as may have been sustained by him." MICH.STAT.ANN. § 9.121 (1958).

No such notice was tendered the counties concerned until this suit was filed almost two years after the accident. The pleadings would allow the inference that decedent's head injuries were such as to have made it impossible for him personally to have filed the notice prior to his death, which occurred 85 days after the accident.

Appellant in effect argues the inequity of barring a suit under such facts where strict compliance with the notice provision was "impossible."

However logical on these facts it might be to hold that "impossibility" constituted a tolling of the notice requirement, (at least until the appointment of an administrator) [1] we cannot

---

[1] See Trbovich v. City of Detroit, 378 Mich. 79, 108–109, 142 N.W.2d 696 (1966) (dissenting opinion of Souris, J.). Since notice was not given either within 60 days of decedent's death, or within 60 days of the appointment of an administrator, we need not decide whether one of those dates, rather than the actual date of the accident, is when the notice period begins in the instant case.

appropriately do so. This very argument has recently been presented to the Michigan Supreme Court and rejected by a divided court. Trbovich v. City of Detroit, 378 Mich. 79, 142 N.W.2d 696 (1966); Boike v. City of Flint, 374 Mich. 462, 132 N.W.2d 658 (1965).

■ The Michigan Supreme Court's interpretation of Michigan statutes is, of course, binding on this court in a diversity case.

Appellants, however, also contend that unlike the facts in the *Trbovich* and *Boike* cases, this case involves a death. The reasoning is that since the Michigan Wrongful Death Act itself does not contain any notice requirement that fact precludes application of the notice requirement in Section 9.121 of the General Highway Law.

Appellant also argues that the fact that MICH.STAT.ANN. § 9.121 does not refer specifically to death allows the interpretation that the notice requirement was intended only for those who while injured are still capable of complying with its terms.

These arguments (doubtless with the harshness of the opposite result also taken into account) have led a number of courts to the general statutory interpretation sought here by appellant. E. g., McKeigue v. City of Janesville, 68 Wis. 50, 31 N.W. 298 (1887); Senecal v. City of W. St. Paul, 111 Minn. 253, 126 N.W. 826 (1910); Bigelow v. Town of St. Johnsbury, 92 Vt. 423, 105 A. 34 (1918); see Annot. 51 A.L.R.2d 1128, 1131 (1957).

We do not believe that the precise question posed by this Death Act case has ever been decided by the Michigan Supreme Court. But as it did for the District Judge, the *Trbovich* case weighs heavily in the balance against our adoption of the interpretation appellant seeks. In *Trbovich* what appears to be the controlling opinion said:

"[T]he right of action here asserted is statutory and to accrue it must possess all the statutory elements. Notice is an essential element. That this re-

quirement in this case brings about a harsh result I regret, but this does not alter my judicial duty as I conceive it." Trbovich v. City of Detroit, 378 Mich. 79, 95, 142 N.W.2d 696, 709 (1966) (O'Hara, J., concurring in affirmance).

■ MICH.STAT.ANN. § 9.121 is the source of appellant's right to any damages against the counties concerned for negligence in maintenance of their roads. Moore v. County of Ingham, 363 Mich. 533, 110 N.W.2d 920 (1961); Roberts v. City of Detroit, 102 Mich. 64, 60 N.W. 450 (1894). The 60-day notice requirement is an integral part of this statute. Under these circumstances, we believe the District Judge was correct in holding that the notice requirement applied.

Affirmed.